UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL DUDGEON,<br><br>                      Plaintiff,<br>   v.<br><br>DR. HENRY RICHARDS et al.,<br><br>                      Defendants. | No. 09-5200RBL/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**July 24, 2009** |

This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

This matter comes before the court upon plaintiff's motion for entry of default (Dkt # 8). Having considered the entire file, including the response and the reply, the undersigned recommends the motion be DENIED. Further, the court recommends that in the interest of judicial economy, Defendants' motions to invalidate the waiver of service also be DENIED.

REPORT AND RECOMMENDATION- 1

## FACTS AND PROCEDURAL HISTORY

The complaint in this action was lodged April 6, 2009. Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis*, thus, the action was not commenced on April 6, 2009. An action is commenced when the complaint is filed. See Fed. R. Civ. P. 3 On April 20, 2009, plaintiff filed a "declaration of service" indicating that on April 13, 2009, he sent copies of the complaint to each defendant at a business address 1715 Lafayette Street, Special Commitment Center Administration, P.O. Box 88450 Steilacoom WA. 98388. The declaration does not indicate a summons was sent to any named defendant (Dkt # 3). On April 21, 2009, plaintiff cured defects in his original pleadings by paying the full filing fee. Although this occurred on April 21, 2009, the entry was not posted in the electronic filing system until May 12, 2009 (Dkt. # 4).

On May 14, 2009, plaintiff filed an affidavit stating that he had sent each defendant a copy of the complaint and a certificate of service by U.S. Mail. The affidavit again lists the P.O. Box address in Steilacoom (Dkt. # 5). On May 28, 2009, Assistant Attorney General William M. Van Hook appeared on behalf of defendants. On the same day he filed a letter he allegedly sent to plaintiff (Dkt # 6 and 7). The letter indicates counsel does not believe service was proper, but, that the defendants were willing to save plaintiff the cost of effecting proper service and would send him executed waivers of service. Counsel further stated in his letter that the defendants received the complaints by mail on April 22, 2009. Thus, if waivers of service were executed, the answer would be due by June 22, 2009 (Dkt. # 7). Finally, counsel states that it was his understanding that based on this agreement to accept service by mail and waive service of a summons; plaintiff would withdraw his motion for default (Dkt # 7).

REPORT AND RECOMMENDATION- 2

The same day the notice of appearance and letter were filed, plaintiff filed a formal motion for default (Dkt # 8). Plaintiff submitted the signed waivers of service dated April 22, 2009, which he allegedly received in accordance with the agreement, as proof of perfection of service (Dkt # 11). Defense counsel responded to the motion for default (Dkt # 9). Defendants note that if they had refused or failed to waive service, then plaintiff would have been required to perfect proper service, as required by Fed. R. Civ. P. 4 (c) (Dkt. # 9).

Defense counsel alleges that plaintiff agreed to withdraw his motion for default if defendants waived service and filed an answer within sixty days of April 22, 2009, as allowed by Fed. R. Civ. P. 4 (d). Defense counsel states that based on the agreement, defendants mailed the executed waivers of service (Dkt # 9). Defense counsel also points out that by filing the motion for default, plaintiff breached the agreement. (Dkt #10) Based on the alleged breach of the agreement, defendants now seek to ask this court to invalidate the waivers of service and to force plaintiff to properly serve the action under Fed. R. Civ. P. 4 (c).

In his reply, plaintiff admits to agreeing to the terms as outlined by defense counsel (Dkt # 12, page 3). Rather than withdraw his motion, plaintiff alleges that he informed counsel that he would withdraw the motion for default only when an answer was received.

While all of this was going on, defendants filed their answer on June 22, 2009, as per the earlier alleged agreement between the parties. (Dkt #13) Plaintiff has not withdrawn his motion, necessitating a ruling on the motions before the court.

## DISCUSSION

Default judgments are disfavored by the law and cases should be decided on their merits except in extreme cases. <u>Mendoza v. Wight Vineyard Management</u>, 783 F.2d 941, 945-46 (9th Cir. 1986). In this case, no defendant was ever served in accordance with Fed. R. Civ. P. 4 (c),

REPORT AND RECOMMENDATION- 3

which requires personal service of a copy of the complaint and a summons. Service by mail is not allowed under Fed. R. Civ. P. 4 (c). Thus, no defendant was required to file an answer within 20 days of service as set forth in Fed. R. Civ. P. 12 (A)(1)(a)(i). Furthermore, defendants have now filed their answer. Therefore, it is recommended that plaintiff's motion for default be DENIED.

It is uncontested that plaintiff received signed waivers of service from defendants. Defendants ask the court to find the waivers invalid. For the reasons stated below, it is also recommended that this request be DENIED.

Had the defendants answered in accordance with the waiver provisions, the answers would have been due on June 22, 2009, at the earliest. The defendants duly filed their answer on that date. In order to put this case back on track and avoid additional motions, counter motions, service expenses and unnecessary delay, it is recommended that the court acknowledge receipt of the waivers of service from defendants and get on with addressing the merits of the case.

## CONCLUSION

This court recommends that plaintiff's motion for default be DENIED. It is also recommended that defendants' request to invalidate the acceptance of service forms be DENIED, as well.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION- 4

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 24, 2009,** as noted in the caption.

DATED this 26th day of June, 2009.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5